### A. S. SMITH et al. v. ISABELLA C. ESTELL.

WIDOW : LEASEHOLD PROPERTY EXEMPT FROM EXECUTION DESCENDS TO WIDOW.— A leasehold interest, or a term for years in land, is personal property, and upon the death of the tenant goes to his widow (if it do not exceed in value $1500), exempt from the debts of the husband. See Hutch. Dig. 680.

APPEAL from the District Chancery Court at Macon. Hon. J. F. Trotter, vice-chancellor.

*R. Evans*, for appellant.

*Christian* and *Barry*, for appellee.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Vice-Chancery Court at Macon.

The complainant alleges that her late husband, Jonathan Decherd, was in his lifetime possessed of certain lots in the town of Columbus, which he held under a lease for ninety-nine years, and renewable forever; that he died about the year 1850; that said

lots, exclusive of improvements, are not worth exceeding the sum of $1500, and were consequently exempt from liability during the lifetime of her said husband for his debts. That being leasehold property, or, in other words, personal estate, said lots descended to the complainant, as the widow of the deceased, under the provisions of the Act of 1846. The object of the bill is to enjoin the defendant, Smith, who has recovered a judgment against the administrator of the deceased, from levying his execution upon said lots.

It has been recently decided by this court, that leasehold property is embraced by the Statute of 1841, exempting certain property from executions; and this question being settled, it only remains to determine whether such property or estates are within the meaning of the Act of 1846, which declares that the widow of any deceased husband shall be allowed and entitled to all personal estate of her deceased husband which is by law exempt from sale or distress under execution, &c. Hutch. Code, 680. It is admitted that leaseholds or terms for years are personal estate, and the language of the statute is that the widow shall be allowed *all* personal estate exempt from the payment of the debts of her deceased husband. All personal estate must be construed to mean every description of personal estate. The language being thus comprehensive, we cannot entertain a doubt as to the construction of the statute.

Decree affirmed.